UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael David Properties LLC,<br><br>                                              Plaintiff,<br><br>                    -v-<br><br>Continental Casualty Company,<br><br>                                              Defendant. | 2:24-cv-3600<br>(NJC) (ARL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Plaintiff Michael David Properties LLC ("Plaintiff") brought this action for breach of contract against Defendant Continental Casualty Company ("Defendant") in the Supreme Court of Nassau County, New York. (Compl., ECF No. 1-1.) Defendant removed the case to federal court on May 17, 2024, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Not. of Removal, ECF No. 1.) The Court issued an Order requiring Defendant to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Order to Show Cause, Elec. Order, July 1, 2024.) Defendant's response to the Order to Show Cause (ECF Nos. 8–9) fails to establish that this Court has diversity jurisdiction. Accordingly, the Complaint is remanded for lack of jurisdiction under 28 U.S.C. § 1447(c).

**LEGAL STANDARDS**

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616–17 (2d Cir. 2019) (quotation marks and citations omitted). As the Second Circuit has recognized, "[p]erhaps

the most important limit is subject-matter jurisdiction, which defines a court's competence to adjudicate a particular category of cases." *Id.* (quotation marks and citations omitted). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Id.* at 617–18 (quotation marks omitted).

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). "[W]hen diversity of citizenship is the basis of removal, diversity must exist not only at the time the action was filed in the state court, but also at the time the case is removed to federal court." *Chapman v. Crane Co.*, 694 F. App'x 825, 828 (2d Cir. 2017) (citing 14B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3723 (4th ed. 2013); *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("*CenterMark Props.*")). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). In any case removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**DISCUSSION**

Defendant has failed to establish that this Court has diversity jurisdiction over this action because it has not shown complete diversity of citizenship between the parties.[1]

"For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). As to LLC parties, "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). It is well-established that allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.*; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider factors including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of

---

[1] Defendant has demonstrated that the amount in controversy in this action is at least $75,000 by pointing to the allegation in the Complaint that Plaintiff "sustained damages in excess of $179,693.92" as a result of Defendant's breach of contract. (Not. of Removal at 2; Compl. at 3.)

3

> the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

Defendant has demonstrated that it is a citizen of Illinois by asserting in the Notice of Removal that it is both incorporated and has its principal place of business in Illinois. Not. of Removal ¶ 9; s*ee also Bayerische Landesbank*, 692 F.3d at 48.

Defendant has not, however, established the citizenship of Plaintiff, a limited liability corporation ("LLC"). The Complaint alleges the Plaintiff is a citizen of New York based only "[u]pon information and belief" that "Thomas H. Reilly, a resident of the State of New York, is Plaintiff's sole member." (Not. of Removal ¶ 8.) Defendant's assertions made only "upon information and belief" are insufficient to establish Plaintiff's citizenship. *See Snyder Corp. v. Fitness Ridge Worldwide, LLC*, No. 18-cv-351, 2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018) (establishment of diversity requires affirmative statements of the identity and citizenship of all parties and the members thereof: conclusory statements upon information and belief are insufficient); *see also Enteado v. Hi-Power Cycles, LLC*, 2016 U.S. Dist. LEXIS 28880 at *2 (D.N.J. 2016) (allegations of more than one principal place of business for a corporation, and/or allegations of diverse citizenship made upon information and belief, are insufficient to establish diversity jurisdiction).

In response to this Court's Order to Show Cause, Defendant submitted a printout of a Westlaw search result, which lists the "principal" of Plaintiff to be "Thomas Reilly" according to "D&B Market Identifiers." (ECF No. 9-1.) This document does not, however, state whether there

4

are other members of the LLC. (*Id.*) Defendant also submitted a printout of the New York Department of State Division of Corporations' website (ECF No. 9 ¶ 5; ECF No. 9-2) and Plaintiff's Articles of Organization filed in October 2014 (ECF No. 9-3). These Articles of Organization state that the address "to which the Secretary of State," as the designated agent of the LLC, "shall mail a copy of any process against the limited liability company served upon him or her him or her is: Thomas H. Reilly 139 Cove Neck Road Oyster Bay, New York 11771." (ECF No. 9-3.) This document does not list all members of Plaintiff or provide facts demonstrating their citizenship. (*Id.*)

On August 2, 2024, Plaintiff filed a disclosure statement through its attorney, Matthew S. Aboulafia, pursuant to Rule 7.1, Fed. R. Civ. P. (ECF No. 17.) That statement provided that, as of December 19, 2023, the "sole member of Plaintiff is THOMAS H. REILLY IRREVOCABLE TRUST." (*Id.* at 1 n.1.)

I do not find that the evidence Defendant has submitted contradicts this assertion. Thus, based on Plaintiff's disclosure statement, I find that that the only member of Plaintiff at the time of removal on May 17, 2024 was Thomas H. Reilly Irrevocable Trust. (ECF No. 17; *see also* Not. of Removal.)

For purposes of diversity jurisdiction, the citizenship of a traditional trust is determined by the trustee's citizenship. *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 731 (2d Cir. 2017). Plaintiff's disclosure states that "the sole acting trustee" of the trust is "Michael H. Reilly," and that "Michael H. Reilly" is "a citizen of New York." (ECF No. 17.) Plaintiff's statement that Michael H. Reilly "is a citizen of New York" is conclusory and the record does not provide any facts about Michael H. Reilly's domicile. Thus, Defendant has failed to establish

5

the citizenship of Thomas H. Reilly Irrevocable Trust, the sole member of Plaintiff Michael David Properties LLC at the time of removal.

Accordingly, Defendant has failed to establish the citizenship of Plaintiff at the time the case was removed to federal court and therefore has not demonstrated that this Court has subject matter jurisdiction under 28 U.S.C. 1332(a). *Chapman*, 694 F. App'x at 828; *CenterMark Props.*, 30 F.3d at 301.

## CONCLUSION

Defendant has failed to establish that the parties to this action are completely diverse as is required for jurisdiction under 28 U.S.C. § 1332(a). This action is therefore remanded to the court from which it was removed for lack of jurisdiction under 28 U.S.C. § 1447(c). The Clerk of Court is respectfully directed to mail a copy of this order to the New York State Supreme Court in Nassau County and close this case.

Dated: Central Islip, New York
       January 22, 2025

                                        */s/ Nusrat J. Choudhury*
                                        NUSRAT J. CHOUDHURY
                                        United States District Judge